UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT DUBE, and<br>DAWN DUBE, | )<br>)<br>) | |
| Plaintiffs, | )<br>)<br>) | |
| vs. | )<br>) | Case No. 4:12CV1912 ERW |
| WYETH LLC, et al., | )<br>)<br>)<br>) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court for oral argument on Plaintiffs' pending Motions to Remand [ECF No. 23]. Plaintiffs have brought actions against numerous brand name and generic pharmaceutical manufacturers (collectively referred to as "Wyeth Defendants" or "Defendants"), seeking damages for personal injuries suffered as a result of being exposed to the prescription drug Reglan®, or its generic equivalent, metoclopramide.

Originally, Plaintiffs' cases had been joined with other Reglan® cases in a State court civil action filed on February 22, 2012, and styled *Jannett Anderson, et al. v. Wyeth LLC, et al.*, No. 1222-CC-00910 [ECF No. 1]. As originally filed, and in subsequently amended filings, the case lacked complete diversity because certain plaintiffs were citizens of the same state as certain defendants. However, the State Court held a hearing on June 19, 2012, where the parties presented arguments regarding a Motion to Drop Misjoined Plaintiffs, filed by Defendants. On July 26, the State Court allowed Plaintiffs to file an amended petition, which added a few additional plaintiffs [ECF No. 1-1]. Subsequently, on August 8, 2012, the State Court entered an

Order that severed the Anderson plaintiffs and granted each of the individual plaintiffs leave to file separate amended petitions [ECF Nos. 1-1, 24-3]. In its Order Regarding Motion to Sever, the State Court found joinder of the plaintiffs' claims was improper, due to factual differences presented by the various individual plaintiff's claims, and to the situation presented by multifarious claims being brought against many manufacturer defendants. The State Court ordered that the first-named plaintiff, Jannett Anderson, would remain as the sole named plaintiff in cause no. 1222-CC-00910, and directed the Clerk to open a new and separate court file, with a new cause number, for each remaining plaintiff. The State Court indicated that no new fee was to be assessed in any of the newly severed cases. The State Court further directed Plaintiffs' counsel to take a copy of the Severance Order, together with a copy of the most current Petition, and initiate the new court file in each newly severed case within sixty (60) days of the Severance Order. The Severance Order stated that Plaintiffs would not need to serve new process, and that the Order constituted notice of severance. The State Court directed the Clerk to enter the following language on the docket of each newly opened case: "Refer to Cause No. 122-CC00910 for prior entries."

      Plaintiffs filed their separate petitions on October 3, 2012. Defendants thereafter removed Plaintiffs' cases to Federal Court on diversity grounds, pursuant to 28 U.S.C. §§ 1332(a)(3); 1441(a), (b); and 1446, on October 23 [ECF Nos. 1, 24-4].

      On October 30, 2012, Plaintiffs filed their pending Motions to Remand [ECF No. 23]. They assert that the actions should be remanded, pursuant to 28 U.S.C. § 1447, to the Circuit Court for the Twenty-Second Judicial Circuit, because Defendants' removal was not timely filed in accordance with 28 U.S.C. § 1446(b).

On the Court's own motion, and in the interest of judicial economy, the individual Reglan® cases were consolidated before this Court on December 13, 2012, for purposes of hearing and ruling on the Motions to Remand only [ECF No. 37]. The Administrative Order consolidating the cases directed that all future filings related to the remand issue were to be filed only in Case No. 4:12CV1912 ERW, *Dube et al., v. Wyeth et al.* [ECF No. 37].

Subsequently, Wyeth Defendants filed a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), moving the Court to transfer the action to the United States District Court for the Middle District of Florida, and requesting oral argument [ECF No. 39]. On January 23, 2013, the Court granted a Joint Motion to Dismiss [ECF No. 50], and all claims against Defendant Morton Grove Pharmaceuticals, Inc. and Defendant Wockhardt USA, LLC, were dismissed, without prejudice [ECF No. 51].

Counsel for the parties appeared before the Court on January 28, 2013, submitted exhibits, and presented oral argument on Plaintiffs' Motion to Remand. The Court took the matter under submission.

**I.  MOTION TO TRANSFER**

In their Motion to Transfer Venue, Wyeth Defendants move the Court to transfer *Dube v. Wyeth* to the United States District Court for the Middle District of Florida, and request oral argument [ECF No. 39]. Defendants contend that the factors to consider, when deciding whether transfer is appropriate under 28 U.S.C. § 1404(a), favor transfer to the Middle District of Florida. Defendants state that the action has no connection to Missouri, as Plaintiffs do not reside here; none of the defendants are Missouri residents; and Plaintiffs have not alleged that they purchased or ingested the pharmaceuticals in Missouri, or that they incurred injury or received medical care

in Missouri.  Defendants assert that neither Plaintiffs nor their claims have a connection to this district.

Plaintiffs filed their Memorandum in Opposition to the Motion to Transfer on December 19, 2012 [ECF No. 41].  In their Memorandum, Plaintiffs request the Court to stay consideration of Defendants' Motion to Transfer, until the Court has ruled on their Motion to Remand, and has determined the threshold issue of subject matter jurisdiction.  Plaintiffs do not present argument regarding the appropriateness of the transfer under section 1404(a).  Plaintiffs claim that the interests of judicial economy would be best served by such a stay, asserting that, otherwise, the sixty-nine (69) Motions to Transfer will have to be decided piecemeal by numerous courts across the country.

In their Reply, Defendants assert that the Court should deny Plaintiffs' request to stay consideration of the Motion to Transfer, contending that the Middle District of Florida has the greatest interest in resolving the dispute among the parties, and stating that the Court is not bound to decide jurisdictional issues in a certain order.

The December 13, 2013 Administrative Order consolidated the Reglan® cases before this Court for purposes of hearing and ruling on the motions to remand only [ECF No. 38].  Because Defendants' Motion to Transfer exceeds the scope of the December 13 Order, this Court will not issue a ruling on the motion.

## II.  MOTION TO REMAND

Although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim, and any doubts about the propriety of removal are resolved in favor of remand.  *See In re Bus. Men's Assur. Co.*, 992 F.2d 181, 183 (8th Cir. 1993).

In their Motion to Remand, Plaintiffs argue that remand is proper, because Defendants' removal was not timely in accordance with 28 U.S.C. § 1446(b)(3), which states:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

In support of their Motion, Plaintiffs cite to two cases previously decided by the Court: *Wright-Basch v. Wyeth*, No. 06-278, 2012 WL2885832 (E.D. Mo. July 13, 2012); and *Johnson v. Wyeth*, No. 06-286, 2012 WL 1829868 (E.D. Mo. May 18, 2012).  They assert that removal was found untimely in those cases when defendants did not file their notice within thirty (30) days of a State Court severance order.  Plaintiffs argue that, under the reasoning of these cases, the August 8, 2012 State Court Order was an ascertainable bases for removal, because it gave Defendants a clue regarding the existence of federal jurisdiction.  Plaintiffs contend that Defendants' removal is barred because it was filed more than seventy (70) days after the State Court entered its Severance Order.

Plaintiffs assert that approximately fifty-five (55) individual plaintiff petitions were removed to this Court after entry of the State Court Severance Order.  According to Plaintiffs, their original petition named approximately sixty-nine (69) primary plaintiffs, and listed in the paragraphs specific to each plaintiff the name of each individual defendant that manufactured the pharmaceutical ingested by each plaintiff.  They claim that all plaintiffs named in the February 12 petition were completely diverse from every brand name defendant.  Plaintiffs contend that, upon entry of the State Court's August 8 Severance Order, Defendants were capable of ascertaining complete diversity existed, by looking at each individual plaintiff and examining his or her corresponding specific paragraphs in the petition.  Plaintiffs argue that Defendants' Notice of

5

Removal, filed on October 23, 2012, was untimely because it was not filed within thirty (30) days of the August 8 order.

The cases cited by Plaintiff, *Wright-Basch* and *Johnson*, are distinguishable. First, the holdings of these cases were reached on the basis of the one-year limitation contained in 28 U.S.C. § 1446(c) ("case may not be removed . . . on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action . . . ), which was determined to be a jurisdictional requirement precluding removal based on diversity. *Wright-Basch v. Wyeth*, 2012 WL2885832 at \*6; and *Johnson v. Wyeth*, 2012 WL 1829868 at \*6. In this matter, the Notice of Removal was filed well with-in the one-year limit.

Second, the language of the Severance Order here differs significantly from that of the State Court's order in *Wright-Basch* and *Johnson*. In those cases, the State Courts' original August 24, 2005 severance order did not dismiss the claims or require the filing of new actions; the order stated that the petitions of each individual plaintiff or group of plaintiffs set forth in an attached appendix were severed, and granted the plaintiffs leave to file separate amended complaints within sixty days of the order, to cure any resulting defects, stating that new process of service was unnecessary and that the order constituted notice of severance . *Wright-Basch*, 2012 WL2885832 at \*1 [Case 4:06-cv-00278-ERW, ECF No. 1-3]; *Johnson*, 2012 WL 1829868 at \*1 [Case 4:06-cv-00286-ERW, ECF No. 1-3]. The order instructed the Clerk of the Court to enter on the docket of each newly opened case language referring to the original cause number for prior entries. *Id.* In amended orders entered in October 2005, the State Court further directed the Circuit Clerk to assign each plaintiff a different case number in numerical sequence, and to index each case with a filing date the same as in the original case, with a minute entry in each file joining the cases for the purposes of discovery issues and dispositive motions. *Wright-Basch*,

2012 WL2885832 at *1 [Case 4:06-cv-00278-ERW, ECF Nos. 1-3, 1-4]; *Johnson*, 2012 WL 1829868 at *1 [Case 4:06-cv-00286-ERW, ECF Nos. 1-3, 1-4].

In contrast here, the August 8, 2012 State Court Severance Order stated that Anderson would be the remaining plaintiff in cause number 1222-CC0910 [ECF No. 1-1].  When the State Court Severance Order directed the Clerk to open a new and separate court file with a new cause number for each of the other plaintiffs, it also ordered Plaintiffs to facilitate the process of initiating the new individual court file in each of the newly severed cases by taking a copy of the Severance Order and the cause's most current petition to the Circuit Clerk's office within 60 days of the date of the Severance Order [ECF No. 1-1].  The Severance Order also granted to each plaintiff in each newly severed case leave to file an amended petition within 120 days of the Order, for the purpose of removing any unnecessary Defendants and claims and for no other purpose without leave of court [ECF No. 1-1].

In their Opposition to Plaintiffs' Motion to Remand, Wyeth Defendants argue that removal was timely, as they filed their Notice of Removal twenty (20) days after the filing of Plaintiffs' individual petitions, and well within the one year of commencement of the action [ECF No. 32].  Wyeth Defendants contend that the individual State Court petitions were the first documents from which it could be ascertained that the cases were removable in accordance with 28 U.S.C. § 1446(b)(3).  Citing to *In re Prempro*, 591 F.3d 613 (8th Cir. 2010), Defendants also argue that, had they attempted to remove Plaintiffs' case prior to the State Court's Severance Order, the cause would have been subject to remand, because complete diversity did not exist, and the Eighth Circuit no longer accepts a fraudulent misjoinder argument.  Defendants claim that, following severance and prior to the filing of the individual petitions, under Missouri Court Rule 52.06, all plaintiffs, but Anderson, had been dropped, leaving Anderson as the sole

remaining plaintiff in the original case. They argue that the State Court Severance Order "placed Plaintiffs in a litigation limbo," and that "this case did not exist as a practical matter until the Plaintiffs' individual petition was filed and a new and unique case number was assigned." Wyeth Defendants assert that 28 U.S.C. 1441 does not permit "piecemeal" removal of partial cases, and contend that case law is clear that defendants should not remove cases "simply on a hunch." Defendants further argue that removal to Federal Court prior to October 3, 2012 was not possible, and that the filing of the individual petitions has to be the triggering date, because there were no cases to remove until Plaintiffs filed their new individual petitions.

Wyeth Defendants further claim that, prior to the filing of the individual petitions, any effort to remove would have been premature, because Defendants were unable to meet two burdens 28 U.S.C. § 1446(a) places upon a removing party: 1) providing a short and plain statement of the grounds for removal; and 2) establishing federal jurisdiction by a preponderance of the evidence.[1] Additionally, Wyeth Defendants claim that Defendant Schwarz was not served in this matter until October 2, 2012. Consequently, they contend that, because later-served defendants have thirty days from the date of service on them to file a notice of removal with the unanimous consent of their co-defendants, even when the first-served co-defendants did not file a

---

[1] Defendants also argue that requiring the Notice of Removal to be filed within thirty (30) days of the Severance Order would force them to remove cases on a "hunch." To illustrate the complexity involved, and the impracticability of removal prior to October 3, Defendants state that Plaintiffs' February 22 petition named ninety-one (91) plaintiffs (counting primary and derivative plaintiffs), twenty-seven (27) defendants, and an unknown number of John Doe defendants. They claim that Plaintiffs' July 26 Second Amended Petition (filed after the severance hearing, but prior to entry of the State Court severance order), added five new plaintiffs, bringing the number of primary plaintiffs to approximately seventy (70), with twenty-five (25) derivative claims, for a total of ninety-four (95) named plaintiffs. According to Wyeth Defendants, the July 26 Second Amended Petition included twenty-four (24) non-diverse petitioners; however, the individual petitions filed on October 3 included only thirteen (13) non-diverse petitioners.

notice of removal within thirty days of service on them, Defendants' October 30 notice was timely filed. This Court agrees. Later-served defendants have thirty days of service on them to file notice of removal, regardless of when – or if – previously served defendants have filed such notice, and these later-served defendants are entitled to persuade earlier served defendants to join in their notice of removal. 28 U.S.C. §1446(b)(2)(C); *Marano Enter. of Kansas v. Z-Teca Rest., L.P.*, 254 F.3d 753, 756-57 (8th Cir. 2001). After Defendant Schwarz was served on October 2, 2012, it had thirty days to file a Notice of Removal. Thereafter, all defendants could join in a notice filed by Schwarz, even if they had not filed a Notice of Removal within thirty days of service on them. Consequently, Defendants' October 30 notice was timely filed.

If the entry of the August 8, 2012, Severance Order is the triggering date, Defendants' Notice of Removal should have been filed by September 8, 2012. Although the Severance Order arguably placed Defendants on notice that at least some of the individual cases might be removable, no individual files had been opened and assigned new case numbers, and only the Anderson plaintiff remained in the cause. The individual petitions were not filed until October 3, 2012, and, until the filing of these petitions, Defendants could not have removed the cases.

The Court finds that the October 3, 2012 individual petitions were the pleadings from which it could first be ascertained that Plaintiffs' cases were ones which had become removable. Moreover, because, even when first-served co-defendants do not file a notice of removal within thirty days of service on them, later-served defendants have thirty days from the date of service on them to file a notice of removal with the unanimous consent of their co-defendants, and all defendants may join in the notice filed by the last-served defendant, Defendants' October 30 notice was timely filed within thirty (30) days of service upon Defendant Schwarz. The Court

9

finds that Defendants' Notice of Removal was timely filed in accordance with 28 U.S.C. § 1446(b)(3). The Court will deny Plaintiffs' Motion to Remand.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [ECF No. 23] is **DENIED**.

Dated this   19th   day of February, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE